PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MACK D'JUAN HILL, | ) | |
| | ) | CASE NO. 4:14CV2601 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| LEE HOOPER, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Mack D'Juan Hill filed this action under 42 U.S.C. § 1983 against Youngstown, Ohio Police Officer Lee Hooper, Captain Mike Vodilko, Chief Robert E. Bush, Jr., and Officer Ramon Cox; former Youngstown, Ohio Mayor George McKelvey; Erie, Pennsylvania Police Detectives Sergeant John Holmes, Spizarny, Edward Yeaney, and Sergeant Frank Kwitowski; former Erie, Pennsylvania Mayor Richard E. Filippi; Warren, Ohio Police Lieutenant Tim Roberts, Lieutenant Janice Gilmore, and Sergeant O'Grady; and former Warren, Ohio Mayor Henry J. Angelo. In the Complaint, Plaintiff alleges he was arrested, forcefully, by a joint law enforcement task force on murder charges from the Commonwealth of Pennsylvania. He asserts claims for denial of equal protection and due process, conspiracy, involuntary servitude, racketeering, malicious prosecution, unreasonable arrest, and denial of access to courts. He seeks monetary relief.

## I. Background

Plaintiff alleges he was arrested by officers from a joint task force consisting of the Warren,

Youngstown, and Erie, Pennsylvania police departments on October 9, 2001. (ECF No. 1 at 12). Plaintiff was seventeen years old at that time and was wanted for the murder of an eighteen-year-old male during a botched robbery.[1] (ECF No. 1 at 12). The arrest took place at his mother's house in Warren, Ohio at 4:30 p.m. (ECF No. 1 at 12). Plaintiff claims the officers were dressed in a combination of police clothing, dark clothing, and business attire. (ECF No. 1 at 12). He alleges the officers knocked on the door, which was opened by his eight-year-old brother. (ECF No. 1 at 12). He states that the officers pushed past his brother with weapons drawn and demanded Plaintiff's mother tell them Plaintiff's location. (ECF No. 1 at 12). Plaintiff was found in the living room sitting on the sofa and watching television. He contends the officers aimed assault rifles at his face and demanded that he not move. (ECF No. 1 at 12). Other police officers dragged him from the sofa and placed him face down on the floor where he was placed in restraints. (ECF No. 1 at 12). Plaintiff's mother, step-father and siblings witnessed his arrest. (ECF No. 1 at 12). He claims they were not presented with a warrant. (ECF No. 1 at 12).

Plaintiff challenges his arrest. He includes a claim for denial of equal protection but he does not provide an explanation of this claim. He also states he was denied due process. He contends he "was entitled to Due Process protection of freedom from arbitrary action which jeopardize[d] his physical well being, liberty and emotional well being in that he should not have been subjected

[1] *See* http://www.goerie.com/article/20120708/NEWS02/307089930/# . "Mack D'Juan Hill: The resident of Warren, Ohio, was 17 when Erie police charged him in the shooting death of 18-year-old Darryl Dickerson Jr. during a botched robbery in October 2001. Hill was convicted of second-degree murder. He is now 28 [in 2012] and at the State Correctional Institution at Greene."

arbitrarily to the fear of being abducted/taking [sic] from his home as a minor by joint/team law enforcement agents outside the venue of Warren, Ohio." (ECF No. 1 at 17). He asserts a conspiracy claim under 42 U.S.C. §§ 1985 and 1986. He claims he was subjected to involuntary servitude in violation of Thirteenth and Fourteenth Amendments because he was prosecuted and convicted in Pennsylvania. Similarly, he asserts a claim under the Eighth Amendment stating he was convicted and imprisoned unfairly. He claims he was denied access to the courts because he was arrested before he was given a hearing. He also asserts claims for intentional infliction of emotional distress, and racketeering.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328–29 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the plaintiff, accept all factual

allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. Law and Analysis

As an initial matter, Plaintiff's claims are untimely filed. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). Similarly, the statute of limitations for claims under 42 U.S.C. § 1985 is two years. *Savage v. Unknown FBI Agents*, 142 F.3d 436, 1998 WL 39318 *1 (6th

Cir. Feb. 10, 1998). The actions alleged in the complaint took place in 2001. Plaintiff was seventeen years old in 2001, and arguably the statute of limitations period did not begin to run until he became an adult at some point in 2002. This action was filed on December 1, 2014, ten years beyond the expiration of the two-year statute of limitations period.

The Court is aware that statute of limitations is an affirmative defense that generally must be raised by the Defendants in a responsive pleading. FED. R. CIV. P. 8(c)(1); OHIO R. CIV. P. 8 (C); *see* *Haskell v. Wash. Township*, 864 F.2d 1266, 1273 (6th Cir. 1988). However, where the allegations in the Complaint on their face demonstrate that the action is barred by the affirmative defense of statute of limitations, the district court can raise the issue *sua sponte* and dismiss the action. *Jones v. Bock*, 549 U.S. 199, 216 (2007). It is obvious from the face of the Complaint that the statute of limitations period for bringing claims under 42 U.S.C. §§ 1983, 1985 and 1986 has expired. This action is dismissed on that basis.

Moreover, even if the Court were to consider Plaintiff's claims, they would be dismissed. It appears in each of his claims that he objects to the fact that he was arrested by officers from jurisdictions outside of Warren, Ohio, that he had no prior notice that he would be arrested, that his arrest was accomplished at his home in front of his family with firearms drawn, and that he was extradited to Pennsylvania to stand trial for murder. While arrest is inherently unsettling, particularly when it occurs without warning, it does not automatically violate a person's constitutional rights. Plaintiff does not allege facts to suggest how the officers violated his constitutional rights, apart from his contention that the arrest itself was upsetting to him. He states his claims solely as legal

conclusions, which do not meet the basic pleading requirements of Federal Civil Procedure Rule 8. As stated, the Complaint fails to state a claim upon which relief may be granted.

Finally, Plaintiff's claim for malicious prosecution, involuntary servitude and Eighth Amendment violations are based on his contention that he was wrongfully convicted. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the Complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. If the Court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action will be allowed to proceed, in the absence of some other bar to the suit. *Id*.

In the instant matter, Plaintiff's malicious prosecution, involuntary servitude and Eighth Amendment claims are based on his assertion that he was wrongfully convicted. As such, he must also allege that his conviction was reversed by either the Commonwealth of Pennsylvania, or by a

federal court through a habeas corpus petition. To the contrary, it appears Plaintiff is still incarcerated, and he does not allege facts to suggest that conviction has been overturned. He cannot assert those claims in this § 1983 action.

## IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

June 30, 2015
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge